UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 17-23381-CIV-WILLIAMS-TORRES

JOHN A. OLAGUES and
RAY WOLLNEY,

    Plaintiffs,

vs.

PHILLIP FROST, M.D., et al.,

    Defendants.

# DR. FROST'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF HIS MOTION TO DISMISS

Respectfully submitted:

HOMER BONNER JACOBS

Peter W. Homer
Email: phomer@homerbonner.com
Florida Bar No: 291250
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5139
Fax: (305) 982-0063

*Attorneys for Dr. Phillip Frost*

Defendant Dr. Phillip Frost ("Dr. Frost") submits this reply in further support of his dispositive motion to dismiss with prejudice (the "Motion") [ECF No. 20], this facially time-barred and otherwise meritless action. Plaintiffs' response to the Motion [ECF No. 22] fails to refute any of the separate bases for dismissal with prejudice, as a matter of well-established Eleventh Circuit and other federal law, the supposed Section 16(b) claim against Dr. Frost.

First, Plaintiffs do not and cannot refute that this action is time-barred on its face. Plaintiffs do not dispute that this action was filed more than two years after the alleged profits in issue were realized. Thus, because the two-year time bar in Section 16(b) is a <u>statute of repose</u>, this action is time-barred and there can be no equitable tolling as a matter of law.

Second, even if Section 16(b)'s two-year time bar is a statute of limitations (and it is not), Plaintiffs' first suit (which was dismissed) did <u>not</u> toll the running of the limitations period as to <u>this</u> action. Furthermore, Plaintiffs utterly fail to recognize, and come nowhere near satisfying as a matter of law, the Eleventh Circuit's high bar to obtain equitable tolling. "Equitable tolling is an <u>extraordinary</u> remedy which should be extended <u>sparingly</u>. The party seeking equitable tolling bears the burden of showing that equitable tolling is warranted." *E.g., Calixterio v. Carnival Corp.*, No. 15-22210-CIV, 2016 WL 3973791, at *6 (S.D. Fla. Jan. 7, 2016) (Williams, J.) (emphasis added). The dismissal of Plaintiffs' first suit because they did not file a required scheduling report as ordered by that Court does <u>not</u> warrant equitable tolling as a matter of law. Accordingly, this action remains time-barred on its face as a matter of law, regardless whether Section 16(b)'s time bar is a statute of repose or a statute of limitations.

Third, Plaintiffs do not refute that the challenged transactions fall squarely within the plain terms of the exemption provided by SEC-promulgated Rule 16b-3(e). Instead, Plaintiffs impermissibly attempt to rewrite the language of the exemption to impose conditions and restrictions that do not appear in the exemption. Plaintiffs cannot do so. The exemption exists and applies to the challenged transactions by its plain terms, notwithstanding Plaintiffs' disagreement with whether it "should" apply. And, even if there was any ambiguity as to whether the exemption applies, such ambiguity must be resolved <u>against</u> imposing liability.

**I.     <u>Section 16(b)'s time bar is a statute of repose and, thus, there is no equitable tolling</u>.**

Plaintiffs do not dispute that, according to the allegations of the Complaint and its attached exhibits, the alleged profits in issue were all realized on January 31, 2015. Nor do Plaintiffs dispute that this action was brought on September 6, 2017, clearly more than two years after January 31, 2015. Furthermore, Plaintiffs do not dispute that Section 16(b) claims are

limited by the following two-year time bar: "no such suit shall be brought more than two years after the date such profit was realized." 15 U.S.C. § 78p(b). In an attempt to circumvent Section 16(b)'s two-year time bar, Plaintiffs conclusorily assert that it is a statute of limitations that may be subject to equitable tolling. Plaintiffs are wrong. Section 16(b)'s mandatory time bar is a quintessential statute of <u>repose</u>, for which there is no equitable tolling as a matter of law. *E.g., Klawonn v. YA Global Investments, L.P.*, Civ. No. 10-2108 (KM), 2016 WL 5923435, at *9 (D. N.J. May 6, 2016); *see Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 360 n.5 (1991) (stating that Section 16(b) "sets a 2-year…period of repose").

The Supreme Court recently reiterated what constitutes a statute of repose:

> A statute of repose...puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant. A statute of repose bar[s] any suit that is brought after a specified time since the defendant acted [ ], even if this period ends before the plaintiff has suffered a resulting injury….The repose provision is therefore equivalent to a cutoff, in essence an absolute...bar on a defendant's temporal liability....[A] statute of repose is a [legislative] judgment that defendants should be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason.

*CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182-83 (2014) (citations and quotations omitted). And, a statute of repose is not subject to equitable tolling:

> The purpose of a statute of repose is to create an absolute bar on a defendant's temporal liability….By establishing a fixed limit [as Section 16(b) does], a statute of repose implements a legislative decision that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability. The unqualified nature of that determination supersedes the courts' residual authority and forecloses the extension of the statutory period based on equitable principles. For this reason, the Court repeatedly has stated in broad terms that statutes of repose are not subject to equitable tolling.

*Cal. Public Employees' Retirement Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042, 2050-51 (2017).

Thus, under the Supreme Court's *CTS* and *ANZ* decisions, a statutory time bar that establishes a temporal cutoff, or runs from the defendant's last culpable act, is a statute of repose. Here, Section 16(b) is a statute of repose because it establishes a temporal cutoff, in that it unambiguously and unconditionally mandates that "no such suit shall be brought more than two years after the date such profit was realized." 15 U.S.C. § 78p(b); *see also Lampf*, 501 U.S. at 363 ("Because the purpose of the 3–year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period."). Moreover, the statute runs from the defendant's

last culpable act (i.e., the realization of the profit). As the Supreme Court held in *ANZ*, "[u]nder *CTS*, this point is close to a dispositive indication that the statute is one of repose." *ANZ,* 137 S. Ct. at 2049 (holding that § 13 of the Securities Act of 1933, which states that "in no event shall any such action be brought to enforce a liability created under [§ 11] more than three years after the security was bona fide offered to the public," is a statute of repose).[1]

In *Klawonn v. YA Global Investments, L.P.*, Civ. No. 10-2108 (KM), 2016 WL 5923435, at *9 (D. N.J. May 6, 2016), the district court thoroughly analyzed Section 16(b)'s time bar and concluded it is a statute of repose.  The district court started with the text of the statute and noted that "the time limitation that Congress included simply states that 'no such suit shall be brought more than two years after the date such profit was realized.' 15 U.S.C. 78p(b). 'No such suit shall be brought' does not seem to invite equivocation." 2016 WL 5923435 at *7. The district court then adopted the following from Judge Smith's concurrence in *Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1099 (9th Cir. 2011): "In my view, 'no suit' means no suit, and 'two years after the date such profit was realized' means two years after the insider's final profitable transaction, regardless of when—or even if—a Section 16(a) report is filed. The text of the statute sets a firm bar against Section 16(b) suits filed more than two years after the transaction is completed." 2016 WL 5923435 at *7.  The district court explained that "Congress could easily have included language explicitly stating, or at least more strongly suggesting, that the two year time period is subject to tolling….In contrast, Section 16 does not contain a dual limitations/repose time limit. It states only that no suit can be brought after two years. If Congress did not intend something different, it is hard to understand why it adopted language so radically distinct from that in other [Securities Exchange Act] sections. *See Carr-Consolidated Biscuit Co. v. Moore*, 125 F. Supp. 423, 431 (M.D. Pa. 1954) ('Considering the plain and unambiguous language of § 16(b), comparing it to §§ 9(e) and 18(c), it appears that Congress intended a different situation to prevail under 16(b).')." 2016 WL 5923435 at *7.[2]

The district court in *Klawonn* further explained:

> This straightforward textual reading is further confirmed by comparing the language of Section 16(b) with the language of other statutes of limitations in our securities

---

[1] Plaintiffs' citation of *Holmberg v. Armbrecht*, 327 U.S. 392 (1946) is inapposite because it discussed tolling of a statute of limitations. Here, Section 16(b) is a statute of repose.

[2] *Accord Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002) ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.")

> laws...the general securities fraud statute of limitations added by the Sarbanes-Oxley Act of 2002, 16 Stat. 801, provides that securities fraud suits "may be brought not later than...5 years after such violation." 28 U.S.C. § 1658(b)(2). The Supreme Court recently noted that this provision "giv[es] defendants *total repose* after five years." *Merck & Co., Inc. v. Reynolds*, 130 S. Ct. 1784, 1797 (2010) (emphasis added). There is little meaningful distinction between the language of 28 U.S.C. § 1658(b)(2) and Section 16(b)—one provides that suits "may be brought not later than...5 years after such violation," and the other provides that "no suit shall be brought more than two years after the date such profit was realized."

2016 WL 5923435 at *8 (quoting *Simmonds*, 638 F.3d at 1099). The district court also found that "the statute-of-repose interpretation comports well with the statute's no-fault liability scheme," citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1420 (2012) which found the Ninth Circuit's tolling rule "especially at odds with a provision that imposes strict liability on putative insiders...Had Congress intended this result, it most certainly would have said so." *Klawonn*, 2016 WL 5923435 at *8.[3]  The *Klawonn* court concluded that the text of Section 16(b) reads as a statute of repose, and that based on the explicit language of the provision, the way the language compares to that of other sections of the securities laws, and the aim of the statute as a whole, Section 16(b)'s time restriction is a statute of repose. *Id.* at *9.

Accordingly, because Section 16(b)'s time bar is a statute of repose for which there is no equitable tolling as a matter of law, this action is time barred on the face of the Complaint and must be dismissed with prejudice.[4]

---

[3] *Accord Magma Power Co. v. Dow Chem. Co.*, 136 F.3d 316, 321 (2d Cir. 1998) (Section 16(b) "imposes liability without fault but only within its narrowly drawn limits.") (citing *Foremost-McKesson, Inc. v. Provident Secs. Co.*, 423 U.S. 232, 251-52 (1976)).

[4] Plaintiff's response to the Motion conclusorily misstates that Section 16(b) is not a statute of repose, citing *Credit Suisse Securities (USA) LLC v. Simmonds*, 132 S. Ct. 1414 (2012). *See* ECF No. 22 at 4 & n.9.  However, *Credit Suisse* did not hold that Section 16(b) is not a statute of repose. As explained in *Klawonn*, the *Credit Suisse* Court divided 4 to 4 concerning whether Section 16(b) establishes a period of repose. *Klawonn*, 2016 WL 5923435 at *6. Thus, "[t]he statute of repose question, then, was saved for another day." *Id.*; *accord* 5A Arnold S. Jacobs, *Disclosure and Remedies Under the Securities Laws* § 4:199 (Dec. 2017) ("The Supreme Court did not address this [repose] issue because the Justices split four-to-four and the suit would not have been timely even if the statute could be tolled for fraudulent concealment."). Furthermore, *Credit Suisse* was decided years before the recent *CTS* and *ANZ* cases. Indeed, in the Supreme Court's 2017 opinion in *ANZ,* the Court applied the principles from *CTS* to a securities statute time bar (similar to Section 16(b)'s) and held that it was a statute of repose. Like in *ANZ,* those same principles compel the same conclusion that Section 16(b)'s time bar is a statute of repose. *See also Albers v. Commonwealth Capital Corp.*, 2017 WL 2779906, at *11 (M.D. Fla. June 27, 2017) (applying *CTS* and *ANZ* to 1933 Act and 1934 Act time bars and holding they are statutes of repose).

**II.      Even if Section 16(b) is a statute of limitations, Plaintiffs do not and cannot meet their heavy burden to obtain equitable tolling as a matter of Eleventh Circuit law.**

Plaintiffs incorrectly assert that "the first suit equitably tolled the statute of limitations and this suit was filed promptly thereafter." ECF No. 22 at 4. As shown above, Plaintiffs cannot assert any purported equitable tolling because Section 16(b) is a statute of repose, not a statute of limitations. Moreover, even if Section 16(b) was a statute of limitations (and it is not), Plaintiffs' tolling assertion is foreclosed as a matter of controlling and well-established Eleventh Circuit law for two separate reasons. First, under well-established Eleventh Circuit precedent, the filing of a complaint does not toll a statute of limitations when that complaint is subsequently dismissed without prejudice. Thus, Plaintiffs' first suit, which was dismissed, did not toll anything. Second, the Eleventh Circuit recognizes equitable tolling only when a plaintiff untimely files because of extraordinary circumstances that are both beyond plaintiff's control and unavoidable even with diligence. This is a very narrow exception and it is the Plaintiffs' burden here to show it is warranted. Indisputably, however, Plaintiffs' failure to file a scheduling report as ordered by the Court in the first suit (and which resulted in dismissal of the first suit as that Court expressly warned it would) was neither extraordinary circumstances beyond Plaintiffs' control nor unavoidable even with diligence. Both are required, yet Plaintiffs can establish neither. Thus, the dismissal of Plaintiffs' first suit for their failure to file a scheduling report as ordered does not satisfy the Eleventh Circuit's high bar for equitable tolling.

**A.      It is well established in the Eleventh Circuit that Plaintiffs' prior lawsuit which was dismissed does not toll the running of the statute of limitations.**

As a threshold matter of law, Plaintiffs' first suit did not equitably toll the two-year time bar for this second suit. As the Eleventh Circuit has held for decades: "Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *E.g., Bost v. Fed. Expr. Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citing *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *Jackson v. Hall County Gov't*, 568 F. App'x 676, 679 (11th Cir. June 4, 2014) (citing *Bost*)). "The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations, even when the district court dismissed the timely-filed action solely as a result of excusable delay." *Moore v. Chamberlain*, 559 F. App'x 969, 970 (11th Cir. Apr. 2, 2014) (holding that where the district court has dismissed an original timely complaint, a second

virtually identical complaint that is filed after the running of the limitations period is barred).[5] Thus, Plaintiffs' argument that "the first suit equitably tolled the statute of limitations and this suit was filed promptly thereafter" is totally foreclosed by established Eleventh Circuit law.[6]

### B. Plaintiffs utterly fail to satisfy the Eleventh Circuit's demanding requirements for the extraordinary remedy of equitable tolling.

Beyond incorrectly asserting that their first suit equitably tolled the limitations period, Plaintiffs neither address nor come anywhere close to satisfying the Eleventh Circuit's rigorous requirements for the extraordinary remedy of equitable tolling. As the Supreme Court, the Eleventh Circuit, and this Court instruct, equitable tolling is an extraordinary remedy which should be extended only sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002) (citing *Baldwin Cty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants")); *Echemendia v. United States*, -- F. App'x --, 2017 WL 4334121, at *2 (11th Cir. Sept. 29, 2017); *Bost*, 372 F.3d at 1242; *Abram-Adams*, 491 F. App'x at 976; *Calixterio*, 2016 WL 3973791 at *6 (Williams, J.). Moreover, it is Plaintiffs' burden to establish that tolling is warranted. *E.g., Bost*, 372 F.3d at 1242; *Calixterio*, 2016 WL 3973791 at *6 (Williams, J.).

"A plaintiff seeking equitable tolling has the burden of showing that [plaintiff's] untimely filing was because of *extraordinary circumstances* that are both beyond [plaintiff's] control and unavoidable even with diligence." *Echemendia*, 2017 WL 4334121 at *2 (emphasis in original); *Garretson v. United States*, 696 F. App'x 984, 985 (11th Cir. Aug. 24, 2017). "Equitable tolling is sparingly applied and is only proper where the 'extraordinary circumstances' are beyond the

---

[5] "The filing of a complaint does not toll a statute of limitations when that complaint is subsequently dismissed without prejudice because the dismissal has the effect of placing the parties in a position as if the suit had never been filed." *E.g., Johnson v. Florida Dep't of Health*, No. 12-80289-CIV, 2012 WL 6061770, at *2 (S.D. Fla. Dec. 6, 2012) (collecting cases) (emphasis added); *accord Moore*, 559 F. App'x at 970; *Abram-Adams v. Citigroup, Inc.*, 419 F. App'x 972, 975 (11th Cir. Oct. 16, 2012); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it.").

[6] Indeed, this law is so well-established that the Eleventh Circuit in *Jackson* affirmed the imposition of Rule 11 sanctions against an attorney for filing a second suit one day after the first suit was dismissed and the statute of limitations had run by the date of the second suit. The Eleventh Circuit held that the attorney's argument that the "statute of limitations was tolled during the pendency of *Jackson I,* whether held in good faith or not, is clearly foreclosed by our existing case law." 568 F. App'x at 679 (emphasis added).

plaintiff's control and unavoidable even with diligence." *Omanwa v. Catoosa Cty., Ga.*, -- F. App'x --, 2017 WL 4535856, at *2 (11th Cir. Oct. 11, 2017); *accord Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *Moore*, 559 F. App'x at 970 ("Due diligence, though necessary, is not sufficient to prevail on the issue of equitable tolling.").[7]

Here, Plaintiffs admit that their first suit against Dr. Frost was dismissed because a scheduling report was not filed as ordered by that Court. [ECF No. 22 at 3]. However, Plaintiffs claim that the dismissal was supposedly done without notice to the parties, and that Plaintiffs were supposedly caught by surprise. [ECF No. 22 at 3, 5]. Plaintiffs' assertions are both demonstrably false and utterly insufficient on their face. On February 8, 2017, the Court in the first suit entered its Order Requiring Parties to Meet and File Joint Scheduling Report and Proposed Order and Directing Parties to File Certificates of Interested Parties (the "Order Requiring JSR"). *See* Case No. 17-cv-20287-JEM at ECF No. 6 (attached hereto as Exhibit 1). Paragraph 3 of the Order Requiring JSR ordered that "**WITHIN TWENTY (20) DAYS OF THE APPEARANCE OF A DEFENDANT**, counsel and *pro se* litigants shall file a Joint Scheduling Report and Joint Proposed Scheduling Order pursuant to Local Rule 16.1(b)…." *See* Order Requiring JSR, ¶ 3 (emphasis in original). Further, the Order Requiring JSR expressly, unconditionally, unambiguously, and emphatically warned Plaintiffs that "**the parties' failure to file a joint scheduling report or otherwise comply with this Order shall result in dismissal, default, or the imposition of other appropriate sanctions, including attorney's fees and costs**." *See* Order Requiring JSR, ¶ 5 (emphasis in original).[8]

On March 8, 2017, Dr. Frost's Waiver of Service of Summons was filed in the first suit. *See* Case No. 17-cv-20287-JEM at ECF No. 8. On April 24, 2017, Dr. Frost filed a motion for

---

[7] Plaintiffs cite no contrary Eleventh Circuit authority, and the cases they cite from other jurisdictions are inapposite and do not supplant controlling Eleventh Circuit law in any event. For example, in *Island Insteel*, the Third Circuit decided an equitable tolling question under Virgin Islands law. In *Pamalat Securities*, the Southern District of New York allowed tolling because the plaintiffs were enjoined from seeking relief by court orders and had no means of enforcing their rights during a bankruptcy proceeding. In *U.S. v. Kwai*, the Court merely stated in *dicta* the unremarkable proposition that statutes of limitations in suits between private parties are presumptively subject to equitable tolling when warranted. Here, tolling is not warranted.

[8] Even though Dr. Frost filed a motion to dismiss in the first suit, that motion did not suspend, and was otherwise irrelevant to, the obligation to timely file a joint scheduling report as ordered. The Order Requiring JSR expressly ordered the parties to file a joint scheduling report "within 20 days of the appearance of a defendant." The pendency of Dr. Frost's motion to dismiss was no excuse for noncompliance with the Order Requiring JSR.

extension of time to respond to the complaint. *See* Case No. 17-cv-20287-JEM at ECF No. 13. Thus, Dr. Frost had appeared in the first case and, accordingly, a joint scheduling report had to be timely filed. However, Plaintiffs did not file any joint scheduling report and did not request any extension of time to do so. *See* Docket in Case No. 17-cv-20287-JEM. Accordingly, as the Court in the first case expressly warned would happen as a result, the Court entered an order dismissing the first suit on August 28, 2017. *See* Case No. 17-cv-20287-JEM at ECF No. 24 (attached hereto as Exhibit 2).[9]

Thus, Plaintiffs' assertions that the dismissal was supposedly done without notice and that Plaintiffs were supposedly caught by surprise are demonstrably false. Furthermore, Plaintiffs admit they knew of the Order Requiring JSR, but unilaterally and consciously chose not to file a joint scheduling report because in their view "there was no trial calendar to schedule while Dr. Frost's motion was pending." [ECF No. 22 at 5]. At any rate, Plaintiffs' failure (whether knowing or negligent) to comply with the Order Requiring JSR does <u>not</u> warrant equitable tolling as a matter of law. "Equitable tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent." *Abram-Adams*, 491 F. App'x at 976; *Titus v. Miami-Dade Cty.*, 2017 WL 4465785, at *4 (S.D. Fla. Sept. 29, 2017). Also, equitable tolling does not apply to claims of excusable neglect. *E.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Davis v. Auburn Bank*, -- F. App'x --, 2017 WL 3588269, at *3 (11th Cir. Aug. 21, 2017); *Cromartie v. Alabama State Univ.*, 693 F. App'x 852, 853 (11th Cir. July 13, 2017) (holding that "attorney negligence, even gross negligence, does not qualify as an extraordinary circumstance for purposes of equitable tolling"). "Even a generally diligent plaintiff typically may not invoke equity to cure untimely claims filed late because of the plaintiff's own negligence." *Chang v. Carnival Corp.*, 2014 WL 11878462, at *3 (S.D. Fla. June 18, 2014). Thus, dismissal of a prior suit for failure to comply with court orders (like the dismissal of Plaintiffs' prior suit) does <u>not</u> warrant equitable tolling as a matter of law. *E.g., Lugo v. Secretary, Dep't of Corrections*, 2013

---

[9] The dismissal Order states:

"THIS CAUSE came before the Court upon a sua sponte examination of the record. On February 8, 2017, this Court entered an [6] Order Requiring Joint Scheduling Report, requiring the parties to file a joint scheduling report within twenty (20) days of the appearance of a defendant. The Order cautioned that "the parties' failure to file a joint scheduling report or otherwise comply with this Order shall result in dismissal, default, or the imposition of other appropriate sanctions, including attorney's fees and costs." The deadline for filing a joint scheduling report has long passed and no extension of time has been requested. Accordingly, based on the foregoing, it is ORDERED AND ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE."

WL 1212883, at *3 (M.D. Fla. Mar. 25, 2013); *Rogers v. Astrue*, 2012 WL 4966426, at *3 (S.D. Ala. Oct. 1, 2012); *Harpo v. Strength*, 2012 WL 2339344, at *5 n.4 (S.D. Ga. May 4, 2012).[10] Simply put, Plaintiffs do not and cannot as a matter of law meet their burden to show that equitable tolling is warranted. Thus, this time-barred action must be dismissed with prejudice.

### III. Plaintiffs cannot rewrite Rule 16b-3(e) to add conditions and restrictions to deprive Dr. Frost of the Rule 16b-3(e) exemption that applies to the challenged transactions.

As shown above, this action is indisputably time-barred regardless whether Section 16(b) is a statute of repose or limitations. Thus, the Court need go no further. However, even if this action was not time-barred (and it so barred), SEC-promulgated Rule 16(b)-3(e) exempts the challenged transactions as a matter of law and, thus, there is no liability. To try to get around the admitted fact that Dr. Frost merely surrendered OPKO shares to satisfy the exercise price for previously granted warrants issued pursuant to prior Board resolutions (which transactions fall squarely within the exemption), Plaintiffs ask this Court to engraft onto Rule 16(b)-3(e) additional conditions and restrictions. Plaintiffs assert that the exemption should not apply if the insider can choose when to exercise warrants or the manner in which they are paid for, or if the issuer cannot choose whether to accept the stock tender. [ECF No. 22 at 9]. Plaintiffs also cryptically allude to some putative "specificity requirement to achieve an exemption" [*id.*], but do not identify any such putative requirement, explain whether it applies, or show how it is supposedly unsatisfied. Plaintiffs' attempt to rewrite Rule 16b-3(e) by engrafting such conditions and restrictions is unavailing and must be rejected because they find no support in the plain language of Rule 16b-3(e), subsequent SEC interpretation, case law, or the commentators.

Rule 16b-3(e) unequivocally mandates that "any transaction" involving the disposition to the issuer of issuer equity securities, whether or not intended for a compensatory or other particular purpose, "shall be exempt" provided that the terms of such disposition are approved in advance in the manner prescribed by sub-paragraph (d)(1). 17 C.F.R. § 240.16b-3(e). Sub-

---

[10] This result is not changed by Plaintiffs' assertion that Dr. Frost was on notice of Plaintiffs' claim prior to the running of the limitations period. [ECF No. 22 at 4]. That is just another way of saying that the prior (now dismissed) suit tolled the running of the limitations period, which the Eleventh Circuit rejects. A defendant's notice of a claim, or even the absence of prejudice to a defendant, is not a ground for equitable tolling. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply <u>once a factor that might justify such tolling is identified</u>, it is <u>not</u> an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984) (emphasis added).

paragraph (d)(1) exempts transactions that are "approved by the board of directors of the issuer…." 17 C.F.R. § 240.16b-3(d)(1). The challenged transactions were fully approved in advance by OPKO's Board of Directors (the "Board"). *See* Motion at 4 & Exhibit B thereto (OPKO letter). The Board adopted resolutions approving the issuance of those warrants, which contain specific provisions related to the net exercise of the warrants, and the resolutions approving the issuance of the warrants were approved by the Board well in advance of the subject transactions. *Id*. That is all Rule 16b-3(e) requires. Indeed, in its 1996 release accompanying the adoption of Rule 16b-3(e) (Release No. 34-37260), the SEC stated that "[a] note has been added to the new rule to clarify that if the terms of a subsequent transaction are provided for in the transaction as initially approved, the subsequent transaction does not require further specific approval." *See* https://www.sec.gov/rules/final/37260a.txt. Note 3 to Rule 16b-3 in relevant part states: "Where the terms of a subsequent transaction (such as the exercise price of an option, or the provision of an exercise or tax withholding right) are provided for in a transaction as initially approved pursuant to paragraphs (d)(1), (d)(2) or (e), such subsequent transaction shall not require further specific approval." 17 C.F.R. § 240.16b-3, n.3. The securities-specific treatises are in accord. *E.g*., 1 Arnold S. Jacobs, *Section 16 of the Securities Exchange Act* § 3.75 (Mar. 2017) (in describing Note 3, Jacobs' treatise states that "when the terms of the award as approved provide for a subsequent participant-directed election (in this case, the Insider paying the applicable exercise price in stock rather than cash), that election is <u>exempt without further condition</u> if effected pursuant to those terms") (emphasis added).

  The authorities are uniformly clear: dispositions of stock to an issuer to pay the exercise price of a warrant or option are exempt from Section 16(b) if the relevant terms are approved in advance. That is the case here; thus, there is no liability.[11]

  For the reasons above and in the Motion, Dr. Frost respectfully requests the Court enter an order granting the Motion and dismissing this action with prejudice.

---

[11] *See, e.g., Donoghue v. Casual Male Retail Grp., Inc*., 427 F. Supp. 2d 350, 356 (S.D.N.Y. 2006) (holding that "neither the fact that Jewelcor could exercise its options at any time during a three-year period, nor the fact that it could choose among a certain number of ways of paying the exercise price, placed the Option Agreement beyond the scope of Rule 16b–3 exemption"). Plaintiffs' attempt to water-down the Rule 16b-3(e) exemption in favor of liability also runs afoul of the Supreme Court's admonition that alternative constructions under Section 16(b) should not be resolved in favor of liability or expanding liability. *Foremost-McKesson*, 423 U.S. at 251-52. Moreover, the two cases cited by Plaintiff, *Kern County* and *Analytical Surveys*, are utterly inapposite because, *inter alia*, neither case involves Rule 16b-3(e).

        Respectfully submitted:

**HOMER BONNER JACOBS**

*Attorneys for Dr. Phillip Frost*
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5139
Fax: (305) 982-0063


By: /s/ Peter W. Homer
      Peter W. Homer
      Email: phomer@homerbonner.com
      Florida Bar No: 291250


## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 26, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kevin C. Schoenberger
201 St. Charles Avenue
Suite 2422
New Orleans, LA 70170
Email: kcschoenberger@gmail.com

*Attorney for Plaintiffs*

Tracy A. Nichols
Holland & Knight, LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Phone: (305) 789-7717
Fax: (305) 789-7799
Email: tracy.nichols@hklaw.com

*Attorney for Opko Health, Inc.*

W. Conrad Willkomm
Law Office of Conrad Willkomm
3201 Tamiami Trail
Second Floor
Naples, FL 34103
Email: conrad@swfloridalaw.com

*Attorney for Plaintiffs*


      /s/ Peter W. Homer
      Peter W. Homer