UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 17-23381-CIV-WILLIAMS

JOHN A. OLAGUES, et al.,

    Plaintiffs,

v.

PHILLIP FROST, et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Phillip Frost's fully-briefed motion to dismiss with prejudice Plaintiffs' complaint ("Complaint"). (DE 20). The Court has considered the pleadings, the briefing, and relevant authorities. The Complaint sets forth one derivative claim against Defendant pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Act"), alleging that Defendant purchased and sold securities of OPKO Health, Inc. ("OPKO," a nominal defendant in this action) within a six-month period in violation of 15 U.S.C. § 78p(b). (DE 1 at 2). For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiffs' claim is dismissed with prejudice because it is barred by the applicable statute of limitations.

I.   **BACKGROUND**

The Parties agree that Defendant is an officer of OPKO and is therefore an "insider" subject to the requirements of 15 U.S.C. § 78p. (DE 1 at 2; DE 20 at 3, 5). Plaintiffs are stockholders of OPKO. (DE 20 at 3; DE 20-1 at 4). Plaintiffs allege that Defendant purchased and sold stock in OPKO within a six-month period and that these transactions resulted in profits to Defendant totaling $3,190,254. (DE 1 at 4). Plaintiffs contend that

1

the OPKO shares Defendant purchased on January 31, 2015 "were market transactions non-exempt from Section 16(b)" because: (1) "[t]he share dispositions to OPKO were for exercise price payments for warrants exercised two years prior to their expiration at the sole discretion of Dr. Frost;" (2) "[n]one of the dispositions were approved with the required specificity to achieve an exemption from Section 16(b) via SEC Rule 16(b)(3)(e);" (3) "Dr. Frost had discretion as to the timing of the exercise of the warrants and, therefore, had discretion of the timing of the dispositions to the issuer, OPKO;" and (4) "Dr. Frost has 'superior footing' regarding the dispositions since the issuer, OPKO, was required to accept the dispositions." (DE 1 at 3-4).

On September 26, 2016, Plaintiffs notified Defendant and OPKO that they were requesting that OPKO recover the profits from Defendant because the profits resulted from transactions that violated Section 16(b) of the Act. (DE 20-1 at 2-4; DE 1 at 4). Plaintiffs allege that "OPKO refused to request disgorgement of the profits from Dr. Frost and entities he controls and refused to file suit to recover such profits totaling $3,190,254 after sixty (60) days had passed from the 60-day notices that were received by OPKO." (DE 1 at 4).

On January 23, 2017, Plaintiffs filed their first suit against Defendant in this District before Judge Jose E. Martinez, *Olagues v. Frost*, Case No. 17-20287-CIV-JEM (Jan. 23, 2017). (DE 20 at 4). The allegations in that complaint are substantially identical to the allegations in the present case.[1] On February 8, 2017, Judge Martinez entered an order stating that "**WITHIN TWENTY (20) DAYS OF THE APPEARANCE**

---

[1] Moreover, the lawyers representing the Parties here are the same who appeared in the Judge Martinez litigation.

2

**OF A DEFENDANT**, counsel and *pro se* litigants shall file a Joint Scheduling Report and Joint Proposed Scheduling Order pursuant to Local Rule 16.1(b) . . . ." *Olagues*, Case No. 17-20287-CIV-JEM (DE 6). The parties did not file the required scheduling report or proposed scheduling order and did not otherwise seek an extension of time from Judge Martinez. On April 28, 2017, defendant Phillip Frost filed a motion to dismiss. *Olagues*, Case No. 17-20287-CIV-JEM (DE 18). On August 28, 2017, Judge Martinez entered a paperless order dismissing the case without prejudice and quoting his prior order requiring a scheduling report: "the Order cautioned that 'the parties' failure to file a joint scheduling report or otherwise comply with this Order shall result in dismissal, default, or the imposition of other appropriate sanctions, including attorney's fees and costs.' The deadline for filing a joint scheduling report has long passed and no extension of time has been requested." *Olagues*, Case No. 17-20287-CIV-JEM (DE 24). On September 6, 2017, Plaintiffs filed the second, identical action that is now before this Court. (DE 1).

Defendant argues that Plaintiffs' complaint must be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) because (1) Plaintiffs' claim is barred by the statute of limitations set forth in 15 U.S.C. § 78p(b), and (2), even if the suit were not time-barred, the transactions are exempt under SEC Rule 16b-3(e) because the transactions were "fully approved in advance by OPKO's Board of Directors." (DE 20 at 1-2).

## II. LEGAL STANDARD

Under the notice pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil

3

Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To state a plausible claim for relief, a plaintiff must go beyond merely pleading the 'sheer possibility' of unlawful activity by a defendant and so must offer 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mack v. Delta Air Lines, Inc.*, No. 15-11945, 2016 WL 197162, at *2 (11th Cir. Jan. 15, 2016) (quoting *Iqbal*, 556 U.S. at 678). A complaint can only survive a Rule 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

While an affirmative defense generally will not support a motion to dismiss, a complaint is "subject to dismissal under Rule 12(b)(6) when its allegations—on their

4

face—show that an affirmative defense bars recovery on the claims." *Larry v. Mercer*, No. 15-12153-E, 2015 WL 9917185, at *1 (11th Cir. Nov. 17, 2015) (quoting *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288, n.13 (11th Cir. 2005), abrogated on other grounds)). The Eleventh Circuit has held on multiple occasions that "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004)).

## III. DISCUSSION

### a. SECTION 16(B) OF THE ACT

"Section 16(b) of the Exchange Act is an insider-trading statute that requires statutorily defined corporate insiders to disgorge short-swing profits obtained by trading in the securities of the corporation." *Olagues v. Perceptive Advisors LLC*, No. 17-2703-CV, 2018 WL 4055655, at *4 (2d Cir. Aug. 27, 2018) (citing 15 U.S.C. § 78p(b); *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 223, 132 S.Ct. 1414, 182 L.Ed.2d 446 (2012)). Section 16(b) provides the following:

> For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the [corporation], any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such [corporation] . . . or a security-based swap agreement involving any such equity security within any period of less than six months . . . shall inure to and be recoverable by the [corporation] . . . .

5

15 U.S.C. § 78p(b). The statute defines a beneficial owner as one who owns more than ten percent of the corporation's equity securities "both at the time of the purchase and sale." 15 U.S.C. § 78p(b); *see id.* § 78p(a)(1). "Thus, to state a claim under the statute, a plaintiff must plausibly allege that 'there was (1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period.'" *Olagues*, 2018 WL 4055655, at *4 (quoting *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998)).

Shareholder suits brought under Section 16(b) "are representative in nature; the corporate issuer—not the shareholder—is the real party in interest." *Olagues v. Remondi*, No. CV-17-1004-LPS, 2018 WL 2316657, at *1 (D. Del. Mar. 28, 2018) (citing *Gollust v. Mendell*, 501 U.S. 115, 127 (1991) ("A security holder eligible to institute suit will have no direct financial interest, since recovery will inure only to the issuer's benefit.")).

### b. STATUTE OF LIMITATIONS

Section 16(b) further provides that "[s]uit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in [sic] behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; ***but no such suit shall be brought more than two years after the date such profit was realized***." 15 U.S.C. § 78p(b) (emphasis added). The Parties do not dispute that Defendant's "profit was realized" on the date he purchased OPKO's shares, January 31, 2015. (DE 1-2 at 2; DE 20 at 6). Thus, absent equitable tolling, the statute of limitations on Plaintiffs' claim expired January 31, 2017.

6

### c. DEFENDANT'S ARGUMENT

Defendant asserts that the statute of limitations bars Plaintiffs' claim because the "profits in issue were all realized on January 31, 2015," and "this action was not brought until September 6, 2017." (DE 20 at 1). Thus, Defendant argues that the Complaint must be dismissed with prejudice at this stage because the allegations in the Complaint demonstrate that the claim is time-barred and any amendment would be futile given that the statute of limitations has already run. (DE 20 at 6). Defendants also contend that Plaintiffs' prior suit against Defendant "is irrelevant and has no bearing on the fact that this action is time-barred . . . [because] [d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." (DE 20 at 7) (citing *Jackson v. Hall Cty. Gov't, Georgia*, 568 F. App'x 676, 679 (11th Cir. 2014) (quoting *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations"))).

Defendant also argues that the statute of limitations under Section 16(b) is not subject to equitable tolling as a matter of law because it "is a statute of repose" rather than "a statute of limitations." (DE 23 at 6). And Defendant contends that even if the two-year time limit under Section 16(b) is a statute of limitations that may be equitably tolled, Plaintiffs have not met the heavy burden under Eleventh Circuit precedent to show that the untimely filing was a result of "extraordinary circumstances that are both beyond plaintiff's control and unavoidable even with diligence." (DE 23 at 6). Defendant suggests that "Plaintiffs' failure to file a scheduling report as ordered by the Court in the first suit" does not satisfy either of these requirements. *Id.*

7

### d. PLAINTIFFS' ARGUMENT

Plaintiffs assert that their claim is not time-barred because the statute of limitations was "equitably tolled" during the pendency of the first action before Judge Martinez. (DE 22 at 4). Plaintiffs claim that the "dismissal [of the first suit] was done without notice to the parties" and that "the new suit was filed as soon as possible." *Id.* at 3. To support their contention that the first suit equitably tolled the statute of limitations, Plaintiffs rely on a case from the Third Circuit, *Island Insteel Systems, Inc. v. Waters*, which held that "under Virgin Islands law, the statute of limitations for a second action may be equitably tolled by the filing of an earlier action dismissed for lack of personal jurisdiction if: (1) the first action gave the defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff prosecuted the first action in good faith and diligently filed the second action. *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 204-05 (3d Cir. 2002). Plaintiffs also cite to a Supreme Court case, *Credit Suisse Securities (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 566 U.S. 221 (2012), for the proposition that because 15 U.S.C. § 78p "is not a statute of repose, it is subject to equitable tolling." (DE 22 at 4).

### e. PLAINTIFFS' CLAIM IS TIME-BARRED

The Court agrees with Defendant that Plaintiffs' claim under Section 16(b) is time-barred by the statute of limitations. The Eleventh Circuit has unequivocally held in multiple contexts that the "dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *See, e.g., Jackson*, 568 F. App'x at 679; *see also Bost*, 372 F.3d at 1242 (same); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982) (dismissal of an earlier suit without prejudice does not

8

authorize a subsequent suit brought outside of the otherwise binding statute of limitations).  The filing of a complaint does not toll a statute of limitations when that complaint is subsequently dismissed without prejudice because the dismissal "has the effect of placing the parties in a position as if the suit had never been filed." *Dade County v. Rohr Indust., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987); *see also Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012) (holding that plaintiff's complaint was time-barred where her initial complaint was treated as if it "had never been filed" after the district court dismissed the initial complaint without prejudice); *Johnson v. Fla. Dep't of Health/Martin Cty. Health Dep't*, No. 12-80289-CIV, 2012 WL 6061770, at *2 (S.D. Fla. Dec. 6, 2012) (granting defendant's motion to dismiss because "a review of the face of Plaintiff's second complaint" demonstrated that "Plaintiff's complaint was untimely as a matter of law" after Plaintiff's first complaint was dismissed without prejudice).

Other circuits have held the same and stated that it is a "general principle that a statute of limitations is not tolled by the filing of a complaint which is dismissed without prejudice."   *Brennan v. Kulick*, 407 F.3d 603, 605-06 (3d Cir. 2005); *see also, e.g., Cardio-Medical Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statutes of limitations, the original complaint is treated as if it never existed."); *Goff v. United States*, 659 F.2d 560, 562 (5th Cir. 1981) (holding that "the fact that a dismissal of an earlier suit was without prejudice does not authorize the bringing of the suit later outside of an otherwise binding limitations period").

The Third Circuit case to which Plaintiffs cite is not binding precedent for this Court and is unpersuasive for several reasons. Substantively, *Island Insteel* is inapplicable here because (1) the Third Circuit was interpreting a statute under Virgin Islands law rather than federal law and (2) equitable tolling was found to be appropriate where the first suit was dismissed for lack of personal jurisdiction.[2] *See Island Insteel*, 296 F.3d at 204. And contrary to Plaintiffs' assertion that *Credit Suisse* held that Section 16(b) is not a statute of repose, the Supreme Court specifically stated that it would "not reach that contention, because [the Court] conclude[d] that, even assuming that the 2-year period can be extended, the Ninth Circuit erred in determining that it is tolled until the filing of a § 16(a) statement." *Credit Suisse*, 566 U.S. at 225.

The other cases on which Plaintiffs rely are also inapplicable here because the Eleventh Circuit has held that "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." *Abram-Adams*, 491 F. App'x at 976 (quoting *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (same). "The plaintiff must establish that tolling is warranted." *Abram-Adams*, 491 F. App'x at 976 (citing *Bost,* 372 F.3d at 1242). "Equitable tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent." *Id.* (citing *Arce v. Garcia,* 434 F.3d 1254, 1261 (11th Cir. 2006) (noting that equitable tolling is only appropriate when an untimely filing is due to "*extraordinary*

---

[2] Significantly, on facts more aligned with those here, the Third Circuit ruled that dismissal without prejudice does not toll the statute of limitations. *See Cardio-Medical Assoc., Ltd. v. Crozer-Chester Med. Ctr.,* 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statutes of limitations, the original complaint is treated as if it never existed.").

10

*circumstances* that are both beyond his control and unavoidable even with diligence" (emphasis in original) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*))).

In *Abram-Adams*, the plaintiff's "initial complaint was dismissed after Abram–Adams attempted to amend her complaint nearly one year after the district court's explicit deadline." *Abram-Adams*, 491 F. App'x at 976. The Eleventh Circuit affirmed the district court's dismissal of the plaintiff's subsequent complaint on the grounds that her claims were barred by the applicable statute of limitations. *Id.* ("We are unaware of any extraordinary circumstance for Abram-Adams's failure to file her complaint within the limitation periods. Put simply, Abram-Adams did not give herself the diligence she was due; she was negligent, and has no place to point the finger of blame other than toward herself.") (citing *Bost,* 372 F.3d at 1242 (holding that "[e]quitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence")).

Here, as in *Abram-Adams*, Plaintiffs have not demonstrated any extraordinary circumstances for their failure to file the complaint within the two-year limitations period required under Section 16(b). Plaintiffs' contention that their first suit was dismissed "without notice" to the parties is inaccurate because, as discussed in Section I above, Judge Martinez entered an order specifically stating that "failure to file a joint scheduling report or otherwise comply with this Order shall result in dismissal." *Olagues*, Case No. 17-20287-CIV-JEM (DE 6). Accordingly, because Plaintiffs' first suit did not toll the two-year statute of limitations, the Complaint filed in this case on September 6, 2017 is barred under Section 16(b) and must be dismissed with prejudice.

11

Because Plaintiffs' claim is barred by the statute of limitations, the Court need not address Defendant's alternative argument that the transactions are exempt under SEC Rule 16b-3(e).

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (DE 20) is **GRANTED** and Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT** and the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida this 7th day of September, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE